Jean E. Faure (jfaure@faureholden.com)
Jason T. Holden (jholden@faureholden.com)
Faure Holden Attorneys at Law, P.C.
1314 Central Avenue
P.O. Box 2466
Great Falls, MT 59403
Telephone: (406) 452-6500
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| CALUMET MONTANA REFINING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity as the Administrator of the United States Environmental Protection Agency,<br><br>Defendant. | Case No. CV-24-62-GF-JTJ<br><br>**COMPLAINT** |

Plaintiff Calumet Montana Refining, LLC ("Calumet"), for its Complaint against Defendant Michael S. Regan in his official capacity as the Administrator of the United States Environmental Protection Agency ("EPA" or "Administrator"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.  The Administrator has failed to perform a non-discretionary duty to act on Calumet's petition for small refinery hardship relief under the Clean Air Act's

Renewable Fuel Standard ("RFS"), 42 U.S.C. § 7545(o)(9)(B)(iii), for the 2023 compliance year.

2. Calumet is a small refinery that has received small refinery hardship relief from the RFS in prior years. Calumet would once again experience disproportionate economic hardship from the RFS for the 2023 compliance year, so Calumet filed a petition for small refinery hardship relief in December 2023.

3. By law, the Administrator was required to decide Calumet's hardship petition within 90 days of receipt. But almost seven months later, the Administrator has not acted on Calumet's pending 2023 hardship petition.

4. The Administrator's failure to act is unlawful and imposes significant hardship on Calumet.

5. Calumet seeks a declaration that the Administrator is in violation of the CAA, an order compelling the Administrator to decide Calumet's 2023 hardship petition by an expeditious date certain, and Calumet's fees and costs for this action.

## PARTIES

6. Plaintiff Calumet Montana Refining, LLC, owns a petroleum refinery in Great Falls, Montana.

7. Calumet is a "person" within the meaning of 42 U.S.C. § 7602(e).

8. Defendant Michael S. Regan is the Administrator of the United States Environmental Protection Agency. The Administrator is responsible for implementing the CAA. The Administrator's responsibilities under the CAA include the statutory obligation to decide every petition for small refinery hardship relief under the RFS within 90 days after receipt of that petition. Administrator Regan is sued in his

official capacity.

## JURISDICTION

9. This action arises under the Administrative Procedure Act, 5 U.S.C. § 706, and the Clean Air Act, 42 U.S.C. § 7545(o). This Court has subject matter jurisdiction over Calumet's claims under 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 1331 (federal question) and 1361 (mandamus). This Court has authority to order declaratory and injunctive relief under 5 U.S.C. §§ 705, 706; 28 U.S.C. §§ 1361, 2201, and 2202; and 42 U.S.C. § 7604, and to award reasonable attorneys' fees and costs under 42 U.S.C. § 7604(d).

10. By letter dated April 25, 2024, Calumet provided the Administrator written notice of Calumet's claim and its intent to bring suit to remedy this CAA violation pursuant to 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2–54.3. A true and correct copy of this notice is attached as Exhibit A.

11. The Administrator was provided with Calumet's notice of intent to sue on April 25, 2024, by certified mail and email. A true and correct copy of the email sent to the Administrator on April 25, 2024, is attached as Exhibit B. This action is brought more than 60 days after the Administrator's receipt of the notice of intent to sue. *See* 42 U.S.C. § 7604(b)(2).

## VENUE

12. Venue is proper in this judicial district under 28 U.S.C. § 1391(e)(1). The Administrator is an officer or employee of the United States or an agency thereof and is sued in his official capacity. Calumet resides in this judicial district—the refinery's principal place of business is located here. 28 U.S.C. § 1391(c)(2). No real

property is involved in this action.

## FACTS

13. The CAA requires that transportation fuel sold or introduced into commerce in the United States contain specified volumes of renewable fuel. EPA and the Administrator set the volumes and oversee this requirement through their administration of the RFS program. *See* 42 U.S.C. § 7545(o).

14. Because Calumet produces transportation fuel, Calumet is subject to the RFS requirements under the CAA. *See* 42 U.S.C. § 7545(o)(2)(A)(iii)(I), (3)(B)(ii)(I)).

15. Calumet is a "small refinery" under the CAA, because its average daily aggregate crude oil throughput does not exceed 75,000 barrels. *See* 42 U.S.C. § 7545(o)(1)(K).

16. The CAA allows small refineries to petition "at any time" for relief from its RFS compliance obligations based on disproportionate economic hardship, and EPA must grant that relief if the small refinery demonstrates it will suffer disproportionate economic hardship. 42 U.S.C. § 7545(o)(9).

17. Calumet has filed multiple petitions for small refinery hardship relief because it faces structural challenges that cause it to experience disproportionate economic hardship in complying with the RFS. The Administrator has previously granted small-refinery hardship relief to Calumet following EPA's statutory-required consultation with the Department of Energy.

18. The CAA imposes a mandatory deadline for the Administrator to decide each petition for small refinery hardship relief: "The Administrator shall act

on any petition submitted by a small refinery for a hardship exemption not later than 90 days after the date of receipt of the petition." 42 U.S.C. § 7545(o)(9)(B)(iii).

19. Calumet submitted a petition for small refinery hardship relief from compliance with its 2023 RFS obligation. In its petition, Calumet documented the reasons why RFS compliance for the 2023 compliance year would cause disproportionate economic hardship.

20. EPA received Calumet's 2023 small refinery hardship petition on December 14, 2023. A true and correct copy of EPA's email acknowledging its receipt of Calumet's petition is attached as Exhibit C.

21. The Administrator had a non-discretionary duty under the CAA to act on Calumet's petition within 90 days after receipt. 42 U.S.C. § 7545(o)(9)(B)(iii). The Administrator failed to perform this non-discretionary duty when he did not act on Calumet's petition by March 13, 2024.

22. EPA's March 13 deadline to act on Calumet's 2023 hardship petition fell just 18 days before the March 31 deadline for obligated parties to demonstrate RFS compliance for 2023. EPA had repeatedly violated the 90-day statutory deadline to act on hardship petitions in the past, and Calumet was not able to sue to compel the Administrator to act until 60 days after giving notice of its intent to sue. 42 U.S.C. § 7604(b)(2). Thus, Calumet originally gave notice 60 days before the 90-day statutory decision deadline had run so that Calumet would have the opportunity to seek judicial relief before the 2023 compliance deadline.

23. On January 19, 2024, Calumet gave EPA that written notice of its intent to sue the Administrator in accordance with 42 U.S.C. § 7604(b)(2) and 40 C.F.R.

§§ 54.2–54.3. In the notice, Calumet "urge[d] the Administrator to issue the 2023 hardship decision as soon as possible, so it will be unnecessary to file suit."

24.     Despite receiving that notice, the Administrator still had not acted on Calumet's 2023 small refinery hardship petition within the 90-day statutory deadline or within 60 days after Calumet's original written notice of its intent to sue. *See* 42 U.S.C. § 7604(b)(2). So Calumet brought suit in this Court. *Calumet Montana Refining, LLC* v. *Michael S. Regan*, 24-cv-28, Dkt. 1 (Mar. 20, 2024).

25.     As part of that action, Calumet moved for a temporary restraining order and preliminary injunction to prevent EPA from enforcing any RFS obligation against Calumet until EPA complied with the law and decided Calumet's hardship petition. *Calumet Montana*, Dkt. 7. In response to Calumet's motion, EPA committed in writing not to enforce any RFS obligation against Calumet until after deciding Calumet's petition. In light of that commitment, Calumet no longer needed preliminary judicial relief and withdrew its motions. *See Calumet Montana*, Dkt. 18, 19.

26.     During that litigation, EPA communicated to Calumet that it believed Calumet's original notice of intent to sue was defective because it had been issued prior to the running of the 90-day statutory decision deadline. Calumet disagreed and still disagrees with EPA on that point. But out of an abundance of caution, and in light of EPA's written commitment not to seek enforcement, Calumet voluntarily dismissed its complaint, *Calumet Montana*, Dkt. 24, and filed a new notice of intent to sue on April 25, 2024 (Exhibit A).

27.     More than 60 days have passed since Calumet gave the Administrator new written notice of its intent to sue. *See* 42 U.S.C. § 7604(b)(2). Despite the stat-

utory deadline passing more than 100 days ago, and more than 200 days after EPA's receipt of Calumet's petition, and after having received multiple notices of EPA's CAA violation, the Administrator still has not acted on Calumet's 2023 small refinery hardship petition.

28. The Administrator's disregard for the 90-day statutory deadline to act on small refinery hardship petitions is unfortunately not unique. In a recent report, the United States Government Accountability Office ("GAO") found that EPA resolved small refinery hardship petitions for the 2019 compliance year "on average, more than 700 days" after receiving them, or 610 days after the statutory deadline.[1]

29. Calumet's interests have been, are being, and will continue to be, damaged by the Administrator's failure to comply with the statutory deadline to act on Calumet's pending 2023 small refinery hardship petition. The CAA guarantees Calumet a prompt decision on its hardship petition. By nevertheless refusing to act on that petition, the Administrator is damaging Calumet's ability to do business and plan for statutory compliance. The Administrator's failure to act further deprives Calumet of procedural rights and protections to which it is entitled.

30. The relief requested herein would redress these injuries.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 7604(a)

31. Calumet realleges and incorporates by reference paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

---

[1] GAO, Renewable Fuel Standard: Actions Needed to Improve Decision-Making in the Small Refinery Exemption Program, GAO-23-104273, at 48 (Nov. 3, 2022), https://www.gao.gov/products/gao-23-104273.

32. The Administrator has a non-discretionary duty to decide Calumet's 2023 petition for small refinery hardship relief within 90 days after receipt. *See* 42 U.S.C. § 7545(o)(9)(B)(iii).

33. The CAA allows any person to bring suit to compel the Administrator to perform a non-discretionary duty. *See* 42 U.S.C. § 7604(a).

34. It has been more than 90 days since the Administrator received Calumet's 2023 small refinery hardship petition. The Administrator has not acted on the petition.

35. It has been more than 60 days since Calumet gave written notice to the Administrator of its intent to initiate this lawsuit. Calumet therefore satisfied the CAA's notice requirement before commencing this action. *See* 42 U.S.C. § 7604(b)(2).

36. The Administrator's failure to act has violated, and continues to violate, the CAA and constitutes a "failure of the Administrator to perform any act or duty . . . which is not discretionary with the Administrator," 42 U.S.C. § 7604(a)(2).

37. Calumet is entitled by 42 U.S.C. § 7604(a)(2) to bring a civil action to address the Administrator's failure.

38. The Administrator's violation is ongoing and will continue to harm Calumet unless remedied by the Court.

### SECOND CAUSE OF ACTION
### 5 U.S.C. § 706(1)

39. Calumet realleges and incorporates by reference paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

40. Section 706(1) empowers a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Section 706(1) authorizes courts to compel an agency "to take a discrete agency action that it is required to take." *Norton* v. *S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis omitted).

41. Deciding a hardship petition within 90 days of receipt is a discrete action that EPA was required by 42 U.S.C. § 7545(o)(9)(B)(iii) to take.

42. EPA failed to take that action on Calumet's hardship petition. And it failed to take that action within the time period expressly prescribed by Congress. EPA has both "unlawfully withheld" and "unreasonably delayed" its decision on Calumet's hardship petition. 5 U.S.C. § 706(1).

43. This Court is authorized to "compel" EPA to act. 5 U.S.C. § 706(1).

## REQUEST FOR RELIEF

WHEREFORE, Calumet respectfully requests that this Court enter judgment against the Administrator providing the following relief:

A. A declaration that the Administrator has violated the CAA by failing to grant or deny Calumet's 2023 petition for small refinery hardship relief within 90 days after receipt; and

B. An order compelling the Administrator to perform his non-discretionary duty to decide Calumet's 2023 small refinery hardship petition by an expeditious date certain; and

C. An order retaining jurisdiction over this matter until such time as the Administrator complies with his non-discretionary duty under the CAA; and

D. An order awarding Calumet its costs of litigation, including reasonable

attorneys' fees, under 42 U.S.C. § 7604(d); and

    E.    All other and further relief as the Court deems just and equitable.

Dated this 3rd day of July 2024.

                */s/ Jean E. Faure*
                Jean E. Faure
                FAURE HOLDEN ATTORNEYS AT LAW, P.C.
                *Attorneys for Plaintiff*