TODD KIM
Assistant Attorney General
DANIEL PINKSTON
Environmental Defense Section
Environment & Natural Resources Div.
U.S. Dept. of Justice
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
(303) 844-1804
Daniel.pinkston@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA

_____

CALUMET MONTANA REFINING, LLC,          )
                                         )
                        Plaintiff,       )      Case No. 4:24-cv-62-BMM
                                         )
            v.                           )
                                         )
MICHAEL S. REGAN, in his official        )          ANSWER
capacity as the Administrator of the     )
United States Environmental Protection   )
Agency,                                  )
                                         )
                        Defendant.       )
_____ )

Defendant Michael S. Regan, in his official capacity as Administrator of

the U.S. Environmental Protection Agency ("EPA"), responds to the allegations

in numbered paragraphs in the Complaint, ECF No. 1, as follows:

1.      Paragraph 1 states legal conclusions, which require no response.

2.      EPA admits that Calumet has received small refinery exemptions

in prior years.  EPA admits that in December 2023, Calumet petitioned for a

small refinery exemption for the 2023 compliance year.  EPA lacks sufficient

information to admit or deny the remaining allegations in the second sentence

of Paragraph 2.

  3.  The first sentence of Paragraph 3 states legal conclusions, which

require no response.  EPA admits that it has not yet acted on Calumet's

pending 2023 small refinery exemption petition.

  4.  Paragraph 4 states legal conclusions, which require no response.

To the extent that Paragraph 4 also contains factual allegations, EPA lacks

sufficient information to admit or deny those allegations.

  5.  Paragraph 5 characterizes the Complaint, which speaks for itself.

To the extent any allegations in Paragraph 5 are inconsistent with the

Complaint, EPA denies those allegations.

  6.  EPA lacks sufficient information to admit or deny the allegations

in Paragraph 6.

  7.  Paragraph 7 states legal conclusions, which require no response.

  8.  EPA admits that Michael S. Regan is the Administrator of the U.S.

Environmental Protection Agency.  The second and third sentences in

Paragraph 8 characterize a federal statute, which speaks for itself.  To the

extent that any allegations in the second or third sentences are inconsistent

with that statute, EPA denies those allegations.  The fourth sentence in

Paragraph 8 characterizes the Complaint, which speaks for itself.  To the extent that any allegations in the fourth sentence in Paragraph 8 are inconsistent with the Complaint, EPA denies those allegations.

9.     The first sentence of Paragraph 9 characterizes the Complaint, which speaks for itself.  To the extent that any allegations in the first sentence in Paragraph 9 are inconsistent with the Complaint, EPA denies those allegations.  The remaining sentences in Paragraph 9 state legal conclusions, which require no response.

10.     EPA admits that is received a letter from Plaintiff dated April 25, 2024, with the subject "Notice of Intent to Sue Pursuant to 42 U.S.C. § 7604(b)(2) for Failure to Issue Decisions on 2023 Small Refinery Hardship Petition Pursuant to § 7545(o)(9)(B)(iii)."  The remaining allegations in the first sentence of Paragraph 10 characterize the letter, which speaks for itself. To the extent that any allegations in the first sentence of Paragraph 10 are inconsistent with that letter, EPA denies those allegations.

11.     EPA admits that it received an electronic mail message from Plaintiff on April 25, 2024, with the subject "CONTAINS CBI – Calumet Montana – Notice of Intent to Sue Pursuant to Clean Air Act," attaching a letter with the subject "Notice of Intent to Sue Pursuant to 42 U.S.C. § 7604(b)(2) for Failure to Issue Decisions on 2023 Small Refinery Hardship Petition Pursuant

to § 7545(o)(9)(B)(iii)."  EPA admits that it received certified mail from Plaintiff containing a letter with the subject "Notice of Intent to Sue Pursuant to 42 U.S.C. § 7604(b)(2) for Failure to Issue Decisions on 2023 Small Refinery Hardship Petition Pursuant to § 7545(o)(9)(B)(iii)."

12.    The first three sentences of Paragraph 12 state legal conclusions, which require no response.  To the extent that the third sentence in Paragraph 12 also contains factual allegations, EPA lacks sufficient information to admit or deny those allegations.  The fourth sentence in Paragraph 12 characterizes the Complaint, which speaks for itself.  To the extent that any allegations in the fourth sentence in Paragraph 12 are inconsistent with the Complaint, EPA denies those allegations.

13.    Paragraph 13 characterizes a federal statute, which speaks for itself.  To the extent that any allegations in Paragraph 13 are inconsistent with that statute, EPA denies those allegations.

14.    Paragraph 14 states legal conclusions, which require no response. To the extent that Paragraph 14 also contains factual allegations, EPA lacks sufficient information to admit or deny those allegations.

15.    Paragraph 15 states legal conclusions, which require no response. To the extent that Paragraph 15 also contains factual allegations, EPA lacks sufficient information to admit or deny those allegations.

16.     Paragraph 16 characterizes a federal statute, which speaks for itself.  To the extent that any allegations in Paragraph 16 are inconsistent with that statute, EPA denies those allegations.

17.     EPA admits that Plaintiff has submitted multiple small refinery exemption petitions.  EPA lacks sufficient information to admit or deny the remaining allegations in the first sentence of Paragraph 17.  EPA admits that it has previously granted small refinery exemptions to Plaintiff, which actions were in writing with actual notice to the Plaintiff.  Those documents speak for themselves and are the best evidence of their contents.

18.     Paragraph 18 characterizes a federal statute, which speaks for itself.  To the extent than any allegations in Paragraph 18 are inconsistent with that statute, EPA denies those allegations.

19.     EPA admits that Plaintiff submitted a small refinery exemption petition for the 2023 compliance year.  The remaining allegations in Paragraph 19 characterize that petition, which speaks for itself.  To the extent that any allegations in Paragraph 19 are inconsistent with that petition, EPA denies those allegations.

20.     EPA admits that on December 14, 2023, it received an electronic mail message with the subject "Calumet Montana – 2023 petition for hardship relief -CONTAINS CBI."

21.     Paragraph 21 contains legal conclusions, which require no response.

22.     Paragraph 22 contains legal conclusions, which require no response.

23.     EPA admits that it received a written notice from Plaintiff dated January 19, 2024.  The remaining allegations in Paragraph 23 characterize that notice, which speaks for itself.  To the extent that any allegations in Paragraph 23 are inconsistent with that notice, EPA denies those allegations.

24.     EPA admits that it has not yet acted as of this date of filing this Answer on Plaintiff's 2023 small refinery exemption petition.  The remaining allegations in the first sentence of Paragraph 24 state legal conclusions, which require no response. The second sentence of Paragraph 24 characterizes a complaint, which speaks for itself.  To the extent that any allegations in the second sentence of Paragraph 24 are inconsistent with that complaint, EPA denies those allegations.

25.     The allegations in the first sentence of Paragraph 25 characterizes court filings, which speak for themselves.  As to the allegations in the second sentence of Paragraph 25, EPA indicated to Plaintiff that it did not intend to enforce RFS obligations relating to the 2023 compliance year against Plaintiff until EPA decided the petition; that communication speaks for itself.  As to the

allegations in the third sentence of Paragraph 25, EPA admits that Plaintiff withdrew the motion for temporary and preliminary injunctive relief but lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of the third sentence.

26.     EPA admits the allegations in the first sentence of Paragraph 26. EPA lacks knowledge sufficient to form a belief as to the allegations in the second sentence of Paragraph 26.  As to the allegations in the third sentence of Paragraph 26, EPA admits that Plaintiff voluntarily dismissed the referenced complaint, but lacks knowledge sufficient to form a belief as to the remaining allegations of the third sentence.

27.     EPA admits the allegations in the first sentence of Paragraph 27. As to the second sentence in Paragraph 27, EPA admits that as of the date of filing this Answer it has not yet acted on Plaintiff's 2023 small refinery exemption petition.

28.     The first sentence of Paragraph 28 states legal conclusions, which require no response.  To the extent that the first sentence of Paragraph 28 also includes factual allegations, EPA denies those allegations.  The second sentence of Paragraph 28 characterizes a government report, which speaks for itself.  To the extent that any allegations in the second sentence of Paragraph 28 are inconsistent with that report, EPA denies those allegations.

7

29.     EPA lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 29.  The second sentence in Paragraph 29 characterizes a federal statute, which speaks for itself.  To the extent that any allegations in the second sentence in Paragraph 29 are inconsistent with that federal statute, EPA denies those allegations.  EPA lacks sufficient information to admit or deny the allegations in the third sentence in Paragraph 29.  The fourth sentence in Paragraph 29 states legal conclusions, which require no response.

30.     Paragraph 30 states legal conclusions, which require no response.

31.     In response to Paragraph 31, EPA incorporates its responses to Paragraphs 1 to 30 of the Complaint by reference, as if fully set forth herein.

32.     Paragraph 32 states legal conclusions, which require no response.

33.     Paragraph 33 characterizes a federal statute, which speaks for itself.  To the extent that any allegations in Paragraph 33 are inconsistent with a federal statute, EPA denies those allegations.

34.     EPA admits the allegations in Paragraph 34.

35.     EPA admits the allegations in the first sentence of Paragraph 35. The second sentence of Paragraph 35 states legal conclusions, which require no response.

36.     Paragraph 36 states legal conclusions, which require no response.

37.     Paragraph 37 states legal conclusions, which require no response.

38.     Paragraph 38 states legal conclusions, which require no response.

39.     In response to Paragraph 39, EPA incorporates its responses to Paragraphs 1 to 38 of the Complaint by reference, as if fully set forth herein.

40.     Paragraph 40 characterizes a federal statute and a Supreme Court decision, which speak for themselves.  To the extent that any allegations in Paragraph 40 are inconsistent with that federal statute or that Supreme Court decision, EPA denies those allegations.

41.     Paragraph 41 states legal conclusions, which require no response.

42     EPA admits that as of the date of filing this Answer it has not yet acted on Plaintiff's 2023 small refinery exemption petition.  The remainder of Paragraph 42 states legal conclusions, which require no response.

43.     Paragraph 43 states legal conclusions, which require no response.

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required.

## GENERAL DENIAL

All allegations of fact, legal arguments, contentions, and any other assertions in the Complaint not admitted herein are specifically denied.

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment & Natural Resources
    Division

Dated:  September 13, 2024    By:   */s/ Daniel Pinkston*
DANIEL PINKSTON
Environmental Defense Section
Environment & Natural Resources
    Division
U.S. Department of Justice
999 18th Street, South Terrace, Suite 370
Denver, CO  80202
(303) 844-1804
Daniel.pinkston@usdoj.gov

Of Counsel:

SAMUEL STRICKLAND
U.S. Environmental Protection Agency
Office of General Counsel
1200 Pennsylvania Ave. NW
Washington, D.C. 20460