IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CALUMET MONTANA REFINING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity as the Administrator of the United States Environmental Protection Agency,<br>Defendant. | Case No. CV-24-62-GF-BMM<br><br>**ORDER** |

## INTRODUCTION

Plaintiff Calumet Montana Refining, LLC ("Calumet") filed this action for declaratory relief and an order compelling the Administrator of the EPA to act. (Doc. 5.) Calumet filed a motion for summary judgement to compel the EPA to decide Calumet's 2023 hardship petition for small refineries. (Doc. 28.) The EPA, by Michael Regan in his official capacity as the Administrator of the EPA, disagrees with the date on which the hardship petition should be decided. (Doc. 36.)

## FACTUAL BACKGROUND

The Clean Air Act ("CAA") tasks the U. S. Environmental Protection Agency ("EPA") with administering the Clean Air Act. 42 U.S.C.S. § 7601. Specifically at issue here is the administration of the Renewable Fuel Standard ("RFS") program applicable to refiners and importers of transportation fuel. *Id.* § 7545(o). Congress

provides an exemption to certain renewable fuel requirements for small refineries that cannot meet the obligations under the CAA. If a small refinery anticipates experiencing a "disproportionate economic hardship" then it may apply for a hardship exemption. An exemption waives requirements for a refinery to meet certain renewable standards, such as using renewable fuel or purchasing and retiring renewable fuel credits. (Doc. 37 at 6-7.)

Calumet has qualified for a hardship exemption in the past. (Doc. 30 at 2.) EPA denied all small-refinery hardship petitions in 2022 based on ongoing revisions to its methodology for reviewing hardship petitions. (Doc. 37-1 at 10.) Many of the refineries who received denials appealed. (*Id.*) In all instances the courts determined that EPA's interpretation of the CAA ran contrary to law and EPA's decision to deny petitions proved arbitrary and capricious. (*Id.*) (citing consolidated cases: *Calumet Shreveprot Refin.,L.L.C. v EPA*, 86 F. 4th 1121, 1137 (5th Cir. 2023) ; *Sinclair Wyo. Refin. Co. LLC v. EPA*, 114 F.4th 693,707 (D.C. Cir. 2024)).

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

genuine material fact dispute requires sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. at 248.

## DISCUSSION

It is undisputed that the EPA has a statutory obligation to decide hardship petitions within a 90-day period after receiving the petition. 42 U.S.C. § 7545(o)(9)(B)(iii) (Doc. 30; Doc. 37.) The question remains, whether the EPA has had a "reasonable period of time" to act. (Doc. 37 at 9.) (citing *NRDC v. N.Y. State Dep't of Env't Conservation*, 700 F. Supp. 173,181 (S.D.N.Y. 1988). Calumet requests an order requiring the EPA to act no later than December 13,2024. (Doc. 28 at 1.) Calumet opposes and requests the Court to order it to act no earlier than January 30, 2024. (Doc. 37 at 9.)

The Administrative Procedure Act allows federal courts to provide relief when an agency fails to act. 5 U.S.C. § 706 (1). "A failure to act is not the same thing as a denial. [A denial] is the agency's act of saying no to a request; [a failure to act] is simply the omission of an action without formally rejecting a request--for example, the failure to promulgate a rule or take some decision by a statutory deadline." *Norton v. S. Utah Wilderness All*., 542 U.S. 55, 63 (2004) (internal quotations omitted.) "When an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can

compel the agency to act, but has no power to specify what the action must be." *Id.* at 65.

The parties agree that a remedy under the Clean Air Act citizen suit provision proves adequate and would be appropriate here. (Doc. 37 at 15; Doc. 40 at 3.) The Court will focus its review of the appropriate remedy under the Clean Air Act rather than the Administrative Procedure Act. The CAA imposes a duty on the EPA to act on small refinery hardship petitions within 90 days. 42 U.S.C. § 7545(o)(9)(B)(iii). A court can compel agency action that is unreasonably delayed under the CAA. 42 U.S.C. § 7604 (a)(3). The statute fails to define "unreasonable delay."

Courts may consider things such as the complexity of the subject matter, Congress' ongoing revisions to the subject matter, and EPA's staffing or funding limitations that are out of its control in assessing "unreasonable delay." *NRDC. v. N.Y. State Dep't of Envtl. Conservation*, 700 F. Supp. 173, 181 (S.D.N.Y. 1988). If a delay is based on something that allegedly prevents the agency from making "meaningful considerations to the technical intricacies" of a subject matter, the "court must be convinced by the official involved that he has in good faith employed the utmost diligence in discharging his statutory responsibilities." *In re Ozone Designation Litig.*, 286 F. Supp. 3d 1082, 1086 (N.D. Cal. 2018) (internal quotations and citations omitted).

The EPA argues that it needs until at least January 30, 2024, to decide Calumet's hardship petition. EPA cites case law that the Court should order a deadline that is not "to compressed" and gives "a reasonable" amount of time to EPA to decide the petition. (Doc. 37 at 9.) (citing *Sierra Club v. Johnson*, 444 F. Supp. 2d 46, 58 (D.D.C. 2006); *NRDC v. N.Y. State Dep't of Env't Conservation*, 700 F. Supp. 173,181 (S.D.N.Y. 1988).) Legitimate constraints on an agency's ability to meet statutory deadlines may exist when the agency's budget is constrained, or lack of staff make it impossible to address some of the duties assigned to the agency. *Sierra Club v. Johnson*, 444 F. Supp. 2d 46, 53 (D.D.C. 2006) (citing *NRDC v. Train*, 510 F.2d 692, 712 (D.C. Cir. 1974).) Courts typically reject arguments by an agency asking for more time to improve regulations as it struggles to balance competing regulatory priories. *Id*. at 54.

The EPA relies on a declaration from Byron Bunker ("Bunker"), who oversees the Clean Air' Act's Renewable Fuel Standard Program, to argue that EPA's overhaul of its review process for small refinery hardship petitions and subsequent litigation warrant an extension of time. (Doc. 37-1 at 10-11.) The Court finds this excuse proves unpersuasive. Bunker also asserts that Calumet's hardship application was incomplete when Calumet filed this action, and, therefore, the EPA could not decide based on an incomplete application. (*Id*. at 12)

5

Calumet challenges EPA's assertion that Calumet's application is incomplete as the first time this request to supplement has been made. (Doc. 40 at 8.) Calumet contends that EPA raised petition deficiencies only after Calumet had filed a motion for summary judgment. (*Id.* at 9.) Calumet argues that EPA needs no additional time, and that EPA should be ordered to decide by December 13, 2024. (Doc. 40 at 6.) EPA will have had the application for 365 days on December 13, 2024. (*Id.*) The Court finds that this amount of time should be sufficient to decide Calumet petition and the EPA should be compelled to act.

Calumet further argues that EPA's apparent need to consider recent caselaw and develop a new methodology proves insufficient for an extension of time. (*Id.*) The Court agrees. The Fifth Circuit and the D.C. Circuit rejected EPA's decision to deny all of the hardship petition in 2022 and incorporate its "new methodology" as being arbitrary and capricious. *See Calumet Shreveprot Refin.,L.L.C. v EPA*, 86 F. 4th 1121, 1137 (5th Cir. 2023) ; *Sinclair Wyo. Refin. Co. LLC v. EPA*, 114 F.4th 693,707 (D.C. Cir. 2024)).

EPA has had a year to decide Calumet's 2023 hardship petition. EPA's appeal to the U.S. Supreme Court to challenge venue does not affect the determination that EPA's decision-making process was flawed and should not affect EPA's ability to review hardship petitions. EPA cites no hurdle that would make it impossible for EPA to decide Calumet's hardship petition by January 3, 2025. EPA instead argues

inconvenience, difficulty, and the need to formulate a new application review methodology.

EPA has violated its non-discretionary duty to comply with the 90-day deadline to decide hardship petitions in the past and fails to do so here. For the above reasons Calumet's motion for summary should be granted and EPA compelled to decide Calumet's hardship petition for economic relief by January 3, 2025. The proper relief is under the CAA citizen suit provision and EPA's cross motion for summary judgment should be granted on those grounds.

## ORDER

Accordingly, **IT IS ORDERED** that Calumet's Motion for Summary Judgment is **GRANTED in part** and EPA be required to decide Calumet's 2023 hardship petition by January 3, 2025. Defendant EPA's Cross Motion for Summary Judgement (Doc. 36) is **DENIED in part** as to the date requested and **GRANTED in part** based on the Clean Air Act citizen suit provision providing an adequate cause of action.

DATED this 3rd day of December, 2024.

_____
Brian Morris, Chief District Judge
United States District Court